**Gurbax KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71996.

Agency No. A76–726–655.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided July 23, 2004.

Jagdip Singh Sekhon, Scott A. Mossman, Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Gurbax Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of her requests for asylum, withholding of removal and relief under the Convention Against Torture (the Convention). The BIA determined that Kaur's testimony was not credible, therefore, she had not met her burden of dem-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

onstrating past persecution or a well-founded fear of persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence and will uphold it unless the evidence compels a contrary conclusion. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

The IJ based her adverse credibility determination on her observations of Kaur's demeanor and the fact that Kaur testified inconsistently regarding the actual or threatened molestation during her arrests, whether the police continued to seek her arrest, the date of her parents' return to their village, and her knowledge of the various Sikh separatist organizations. We give "special deference" to the IJ's observations of Kaur's demeanor. *Manimbao v. Ashcroft*, 329 F.3d 655, 659–60 (9th Cir. 2003). Kaur's conflicting testimony regarding molestation may well be explained by the difficulty in translation of that term into her native language of Punjabi. Also, Kaur's responses regarding her knowledge of political organizations are minor inconsistencies which may be explained by the nature of the questioning. Nevertheless, Kaur's conflicting, fragmented, and incomplete accounts about whether the police continued to seek her arrest and Kaur's conflicting testimony and admission that she "made up" the date when her parents returned to their village cast doubt on her veracity. Kaur's testimony about her parents' return to their village was also inconsistent with her asylum application. Because these discrepancies were not minor and related to the basis of Kaur's alleged fear of persecution, they are sufficient to support an adverse credibility finding. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). A reasonable factfinder would not be compelled to reach a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Kaur did not establish eligibility for asylum, she did not satisfy the more stringent standard for withholding of exclusion and deportation. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Kaur is not entitled to relief under the Convention because she failed to demonstrate that it was more likely than not that she would be tortured upon return to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi*, 336 F.3d at 993.

PETITION FOR REVIEW DENIED.